UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JAMES WHITE,

                          Plaintiff,

         -against-                     **COMPLAINT**

DETECTIVE TYLER EHRLEIN (Shield No. 1200); POLICE OFFICERS JOHN and JANE DOE 1-10.
                                      <u>Jury Trial Demanded</u>

                         Defendants.

------------------------------------------------------------------ x

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff James White ("plaintiff") is a resident of Brooklyn County in the City and State of New York.

8. Defendant Detective Tyler Ehrlein ("EHRLEIN"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant EHRLEIN is sued in his official capacity.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

**FIRST INCIDENT**

13. On March 26, 2012 at or about 6:15 A.M., plaintiff was sleeping in the living room within 131 Moore Street, Brooklyn, when a group of police officers, including EHRLEIN, knocked down the front door and entered with their guns drawn.

14. Plaintiff was not found in possession, or constructive possession, of any contraband.

15. Despite the fact that defendants had no probable cause to believe that plaintiff had committed any crimes or offenses, defendants placed him under arrest.

16. Defendants claimed to have found a small quantity of marijuana in plaintiff's brother's room.

17. Defendants transported plaintiff to the precinct.

18. Notwithstanding plaintiff's lack of criminal conduct, defendant officers misrepresented to the Kings County District Attorney's Office that plaintiff possessed marijuana.

19. Approximately twenty-four hours later, plaintiff was arraigned in Brooklyn Criminal Court. Ultimately all charges against plaintiff were dismissed.

20. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

**SECOND INCIDENT**

21. On October 24, 2013 at or about 11:45 P.M., plaintiff was lawfully within 155 Siegel Street, Brooklyn, NY.

22. Several police officers stopped plaintiff and asked him where he was going.

23. Plaintiff explained that he was visiting his friend Shaquay Barrow who lives in 155 Seigel Street.

24. The defendants illegally searched plaintiff. Plaintiff objected.

25. Defendants then arrested plaintiff for trespassing, despite the fact that they had no probable cause to do so.

26. Defendants transported plaintiff to the precinct.

27. Notwithstanding, defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff was trespassing.

28. Plaintiff was then transported to Central Booking.

29. Approximately twenty-four hours later, plaintiff was arraigned in Brooklyn Criminal Court. Ultimately all charges against plaintiff were dismissed.

30. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

## FIRST CLAIM
## 42 U.S.C. § 1983

31. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

32. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

33. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

36.     Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

37.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38.      As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in Plaintiff's favor.

42.   As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

43.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.   The individual defendants created false evidence against Plaintiff.

45.   The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

46.   In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

47.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

## SIXTH CLAIM
### Malicious Abuse Of Process

49. The individual defendants issued legal process to place plaintiff under arrest.

50. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to frame Plaintiff for crimes he had not committed, improve their arrest statistics and further their careers.

51. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

53. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

    i.  Compensatory damages against all defendants, jointly and severally;

    ii.  Punitive damages against the individual defendants, jointly and severally;

    iii.  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    iv.  Such other and further relief as this Court deems just and proper.


DATED:    August 8, 2014
                New York, New York

                                            /ss/
                                  Robert Marinelli
                                  305 Broadway, 9th Floor
                                  New York, New York 10007
                                  (212) 822-1427
                                  robmarinelli@gmail.com

                                  *Attorney for plaintiffs*